# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ANTHONY CANGIARELLA, <br><br> Petitioner, <br><br> v. <br><br> MIKE WENEROWICZ, Warden, <br><br> Respondent. | CIVIL ACTION NO. 3:13-CV-02121 <br><br> (MUNLEY, J.) <br> (MEHALCHICK, M.J.) |

## MEMORANDUM

### I. BACKGROUND AND PROCEDURAL HISTORY

This case involves a *pro se* petitioner, Dennis Anthony Cangiarella, who has filed the above-captioned petition for writ of habeas corpus. On October 7, 2013, Petitioner filed a motion for appointment of counsel. (Doc. 4). On October 23, 2013, this Court entered an Order denying Petitioner's motion. (Doc. 9). On November 5, 2013, Petitioner filed a Motion for Reconsideration (Doc. 11) of this Court's Order. For the following reasons, the Court will DENY Petitioner's Motion for Reconsideration.

### II. DISCUSSION

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Sibio v. Borough of Dunmore*, 2007 WL 1173769 (M.D.Pa.2007) (Caputo, J.). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Rinaldi v. Sniezek*, 2008 WL 2048661 (M.D.Pa.2008) (Rambo, J.)

(citing *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence,* 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (McClure, J.) (internal citations omitted).

In this Court's Order denying Petitioner's request for appointment of counsel (Doc. 9), the Court reviewed the *Tabron* factors set forth by the Third Circuit Court of Appeals in weighing a request for the appointment of counsel. *See Tabron v. Grace,* 6 F.3d 147, 155-157 (3d Cir. 1993). Petitioner fails to set forth an intervening change in the controlling law, any newly available evidence, or any other clear error of law or fact or manifest injustice that might compel this Court to reconsider its ruling. Moreover, Petitioner continues to demonstrate an ability to litigate this action *pro se*. In fact, Petitioner's present motion supports this Court's previous ruling that he is able to represent himself at this juncture of the case, and fails to set forth any special circumstances or factors which would warrant the appointment of counsel at this time.

### III. CONCLUSION

For the forgoing reasons, Petitioner's Motion for Reconsideration (Doc. 11) is **DENIED**. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Petitioner.

An appropriate Order follows.

BY THE COURT:

Date: November 7, 2013

*s/ Karoline Mehalchick*
KAROLINE MEHALCHICK
United States Magistrate Judge