# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ANTHONY CANGIARELLA, | |
| Petitioner, | CIVIL ACTION NO. 3:13-CV-02121 |
| v. | (MUNLEY, J.) |
| | (MEHALCHICK, M.J.) |
| MIKE WENEROWICZ, Warden, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On August 9, 2013, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the Petitioner, Dennis Anthony Cangiarella, on August 6, 2013. (Doc. 1). At the time of filing, Cangiarella was incarcerated at SCI Graterford, which is located in Montgomery County, Pennsylvania.

### I. STATEMENT OF THE CASE

#### A. PROCEDURAL HISTORY

On February 15, 2007, Cangiarella pleaded guilty before the Court of Common Pleas of Monroe County to burglary, two counts of robbery, and multiple counts of theft, criminal mischief, and false imprisonment. *Commonwealth v. Cangiarella*, No. CP-45-CR-0001630-2006 (Monroe County C.C.P.). On May 21, 2007, Cangiarella was sentenced to serve an aggregate term of 14 to 28 years in prison. *Commonwealth v. Cangiarella*, No. CP-45-CR-0001630-2006 (Monroe County C.C.P.). Cangiarella's conviction and sentence were affirmed on direct appeal to the Superior Court of Pennsylvania on May 20, 2009. *Commonwealth v. Cangiarella*, 976 A.2d 1199 (Pa. Super. Ct. 2009) (table decision); *see also Commonwealth v. Cangiarella*, No. 2949 EDA 2008 (Pa. Super. Ct.). Cangiarella petitioned the Supreme Court of Pennsylvania for a writ of

allocatur, which was granted on June 23, 2010. *Commonwealth v. Cangiarella*, 996 A.2d 1062 (Pa. 2010) (per curiam); *see also Commonwealth v. Cangiarella*, No. 429 MAL 2009 (Pa.). Ultimately, the Supreme Court of Pennsylvania summarily dismissed his appeal as improvidently granted on December 22, 2011. *Commonwealth v. Cangiarella*, 33 A.3d 1261 (Pa. 2011) (per curiam); *see also Commonwealth v. Cangiarella*, No. 45 MAP 2010 (Pa.). Cangiarella did not seek a writ of certiorari in the Supreme Court of the United States.

Cangiarella filed a *pro se* PCRA petition in the Monroe County Court of Common Pleas on June 4, 2012. *Commonwealth v. Cangiarella*, No. CP-45-CR-0001630-2006 (Monroe County C.C.P.). On October 10, 2012, the Court of Common Pleas denied Cangiarella's *pro se* PCRA petition. *Commonwealth v. Cangiarella*, No. CP-45-CR-0001630-2006 (Monroe County C.C.P.). Cangiarella appealed the this PCRA decision to the Superior Court of Pennsylvania, which affirmed the lower court's denial of PCRA relief on July 15, 2013. *Commonwealth v. Cangiarella*, 82 A.3d 1065 (Pa. Super. Ct. 2013) (table decision); *see also Commonwealth v. Cangiarella*, No. 3063 EDA 2012 (Pa. Super. Ct.).

Cangiarella filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 6, 2013,[1] together with a supporting memorandum of law. (Doc. 1; Doc. 3).

The Respondent answered the petition on the merits on November 25, 2013. (Doc. 18). On January 2, 2014, Cangiarella filed his reply to the Respondent's answer. (Doc. 25).

### B. HABEAS CLAIMS PRESENTED

The petition asserts that Cangiarella is entitled to relief under 28 U.S.C. § 2254 for the

---

[1] The instant petition was received and docketed by this Court on August 9, 2013, but it appears to have been deposited in the prison mail system on August 6, 2013, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

following reasons:

   (1)    Cangiarella was sentenced to consecutive 7- to 14-year terms of imprisonment arising from a single robbery of a pharmacy at which two store employees were present, in violation of the Double Jeopardy Clause;

   (2)    The Pennsylvania robbery statute, 18 Pa. C.S.A. § 3701, is unconstitutionally vague and ambiguous insofar as it permits the imposition of multiple sentences arising from a single robbery, and thus Cangiarella's sentence to consecutive 7- to 14-year terms of imprisonment arising from a single robbery of a pharmacy at which two store employees were present was arbitrarily imposed and violated his substantive due process rights; and

   (3)    Cangiarella was denied effective assistance of counsel in trial proceedings because his trial counsel negotiated and permitted him to accept a plea agreement that violated the Double Jeopardy Clause.

Cangiarella asserted his first federal claim on direct appeal to both the Superior and Supreme Courts of Pennsylvania. (Doc. 18-8, at 22–24; Doc. 18-10, at 13–19). Cangiarella did not raise his second federal claim in its present form on direct appeal or in PCRA proceedings. He did, however, advance it as one of several alleged errors in the context of an ineffective assistance of appellate counsel claim. Although not set forth in his original *pro se* PCRA petition or the subsequent amended PCRA petition filed by his court-appointed PCRA counsel, Cangiarella was permitted to present testimony and argument at an evidentiary hearing with respect to the alleged ineffectiveness of his appellate counsel for failing to challenge the robbery statute and his sentences on the grounds stated in his second federal claim above, and the Court of Common Pleas expressly rejected this ineffectiveness claim in its PCRA opinion on the ground that the underlying claim was meritless. (*See* Doc. 18-13, at 3–4; Doc. 18-13, at 13–16; Doc. 18-5, at 8–10). On appeal to the Superior Court of Pennsylvania, Cangiarella included his ineffectiveness claim based on this second federal claim in his *pro se* appellant's brief, but the Superior Court found the issue to have been waived by its omission from his counseled Rule 1925(b) statement. (Doc. 18-17, at 3). Cangiarella has raised his third federal claim for the first

time in the instant federal habeas petition.

## II. DISCUSSION

Although the Respondent opposes Cangiarella's habeas claims strictly on the merits, Cangiarella's failure to properly present two of his federal habeas claims on direct appeal or in PCRA proceedings implicates threshold issues of exhaustion and procedural default.

### A. EXHAUSTION OF AVAILABLE STATE REMEDIES

Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted.[2] 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on

---

[2] Notwithstanding the Respondent's failure to assert an exhaustion defense, a federal habeas court may *sua sponte* insist on exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987). Indeed, the habeas statutes provide that a federal court may only find an exhaustion defense to be waived if the respondent has expressly articulated its intent to waive exhaustion. *See* 28 U.S.C. § 2254(b)(3).

appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

Cangiarella's second claim is that the Pennsylvania robbery statute is unconstitutionally vague and ambiguous, and that the imposition of consecutive sentences on two separate charges of robbery stemming from a single incident of theft was therefore arbitrary and in violation of his substantive due process rights. Cangiarella failed to present this claim to the Superior Court either on direct appeal from his criminal conviction and sentence or on appeal from the denial of his PCRA petition, and thus this claim, as presented in his federal habeas petition, is not exhausted. Moreover, even if this second claim is construed liberally as an ineffectiveness claim consistent with the one advanced by Cangiarella in state PCRA proceedings, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013), that claim was not "fairly presented" to the Superior Court on appeal because it was waived by Cangiarella's failure to identify the issue in his Rule 1925(b) statement. *See Griggs v. DiGuglielmo*, Civil Action No. 06-1512, 2007 WL 2007971, at *7 (E.D. Pa. July 3, 2007).

Cangiarella's third claim is that his trial counsel was ineffective in negotiating and permitting Cangiarella to accept a plea agreement that violated the Double Jeopardy Clause by allowing the state court to impose consecutive sentences on two separate charges of robbery stemming from a single incident of theft. Cangiarella failed to present this claim to the Superior Court either on direct appeal from his criminal conviction and sentence or on appeal from the denial of his PCRA petition, and thus this claim likewise is not exhausted.

Nevertheless, if Cangiarella was to return to state court now to attempt to exhaust these

claims in a new PCRA petition, his petition would be untimely and the matter would be dismissed pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this petition, Cangiarella's second and third federal claims are technically exhausted. *See Rivera v. Goode*, 540 F. Supp. 2d 582, 601 (E.D. Pa. 2008); *Burton v. Glunt*, No. CIV. A. 07-1359, 2013 WL 6500621, at *40–41 (E.D. Pa. Dec. 11, 2013); *Griggs*, 2007 WL 2007971, at *7.

### B. Procedural Default

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court will not review a claim that is procedurally defaulted.[3] *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir.

---

[3] Procedural default is an affirmative defense that is generally waived if not timely and properly raised by the respondent. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). Notwithstanding such waiver, a federal habeas court retains the discretion to raise the issue of procedural default *sua sponte*, though it is not required to do so. *See Trest*, 522 U.S. at 89–90; *Sweger v. Chesney*, 294 F.3d 506, 520–21 (3d Cir. 2002). "[T]he values of comity, federalism, judicial efficiency, and the 'ends of justice' must be weighed in

2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999). The Pennsylvania rule of waiver for failing to raise an issue in a Rule 1925(b) statement on appeal likewise has been held to be an independent and adequate state procedural rule. *See Buck v. Colleran*, 115 Fed. App'x 526, 528 (3d Cir. 2004); *LeBar v. Thompson*, No. 08-CV-0072, 2013 WL 1969367, at *7 (M.D. Pa. May

determining whether to consider the default." *Szuchon v. Lehman*, 273 F.3d 299, 321 n.13 (3d Cir. 2001). Here, Cangiarella clearly anticipated the interposition of a procedural default defense by the Respondent, submitting an eight-page "Procedural Default and Exhaustion Requirement Memorandum and Statement," in which he acknowledged that his claims were procedurally defaulted but argued that the default should be excused for cause and prejudice due to ineffective assistance of PCRA appellate counsel. (Doc. 3, at 17–24). This memorandum included both a well-developed legal argument and a well-articulated statement of facts to support his position on procedural default, and the opportunity to object to this report before an ultimate disposition by the presiding district judge affords him an additional chance to address the issue if he so desires. *Cf. Sweger*, 294 F.3d at 521–22. Moreover, Cangiarella's underlying federal habeas claims do not "plainly warrant" relief. *See Sweger*, 294 F.3d at 521–22. Although addressed in the context of an ineffectiveness claim, the rationale advanced in support of his second federal claim was considered and rejected on its merits by the initial-review PCRA court in a well-reasoned opinion applying federal law, as determined by the Supreme Court of the United States. (*See* Doc. 18-15, at 8–10 (citing *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939), *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926), and *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982)). *De novo* consideration of this second claim on federal habeas review, inevitably reaching the same result, would be entirely superfluous. And Cangiarella's third federal claim alleging ineffective assistance of counsel is patently meritless because the underlying double jeopardy claim itself is meritless. *See infra*. Under these circumstances, there is little to suggest that the "ends of justice" would be served by addressing Cangiarella's second and third claims on their merits, and the values of comity, federalism, and judicial efficiency all militate in favor of considering the default. Accordingly, this report raises the procedural default of Cangiarella's second and third federal habeas claims *sua sponte*.

13, 2013).

Notwithstanding procedural default, a federal court may review a habeas claim where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *McCandless*, 172 F.3d at 260. It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines*, 208 F.3d at 160. To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantive disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 270 (1982) (alteration and emphasis in original). Alternatively, to show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

Cangiarella contends that his procedural default of these claims should be excused because he meets the "cause and prejudice" exception to procedural default. He argues that his default should be excused because the failure of appointed counsel to advance his second and third federal claims in appellate PCRA proceedings constituted ineffective assistance of counsel,

8

which in turn prevented him from properly exhausting this claim.[4]

In a recent decision, the Supreme Court of the United States recognized that, under certain circumstances, the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused, in turn, by ineffective assistance of counsel in post-conviction collateral proceedings. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315–21 (2012). Specifically, the *Martinez* Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

The *Martinez* Court explicitly limited its holding to cases where state procedural law provided that "claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding" — that is, in states like Arizona, where state procedural law explicitly prohibited the adjudication of ineffective assistance claims on direct appeal. *Martinez*, 132 S. Ct. at 1320. Shortly thereafter, the Supreme Court revisited its *Martinez* holding, extending it to apply not only to cases where state procedural law expressly prohibited ineffective assistance claims on direct appeal, but also where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). The Third Circuit has subsequently examined Pennsylvania procedural law and found that *Martinez* applies in Pennsylvania. *Cox v. Horn*, 757

---

[4] Cangiarella does not contend that he is actually innocent of the crimes for which he was convicted, thus he has failed to show that failure to review these claims will result in a fundamental miscarriage of justice.

F.3d 113, 124 n.8 (3d Cir. 2014).

Cangiarella contends that his procedural default should be excused because his appellate PCRA counsel was ineffective for failing to include his second and third federal habeas claims in the Rule 1925(b) statement filed on his behalf with the Superior Court of Pennsylvania. But in *Martinez*, the Supreme Court explicitly distinguished between finding cause based on ineffective assistance of counsel at *initial-review* collateral proceedings and at *appellate* collateral proceedings. See *Martinez*, 132 S. Ct. at 1320. Under *Martinez*, procedural default may be excused when caused by ineffective assistance of counsel during the *initial* PCRA proceedings before the Court of Common Pleas, which effectively constitutes a "a prisoner's 'one and only appeal' as to an ineffective-assistance [of trial counsel] claim." See *Martinez*, 132 S. Ct. at 1315, 1318; *see also Vaughter v. Fisher*, Civil Action No. 12-00493, 2014 WL 1152540, at *10 (E.D. Pa. Mar. 24, 2014) (discussing distinction between initial PCRA and appellate PCRA proceedings under *Martinez*); *Glenn v. Wynder*, Civil Action No. 06-513, 2012 WL 4107827, at *43 (W.D. Pa. Sept. 19, 2012) (same), *aff'd*, 743 F.3d 402 (3d Cir. 2014). But the *Martinez* rule does not apply to allegedly deficient performance by counsel during *appellate* PCRA proceedings before the Superior Court of Pennsylvania. See *Martinez*, 132 S. Ct. at 1320 ("The holding in this case does not concern attorney errors in . . . appeals from initial-review collateral proceedings . . . ."); *see also Vaughter*, 2014 WL 1152540, at *10; *Glenn*, 2012 WL 4107827, at *43. Instead, errors by appellate PCRA counsel fall under the rule established decades earlier in *Coleman* that a criminal defendant has no right to counsel on appeal from initial-review collateral proceedings, and therefore counsel's ineffectiveness on any such appeal cannot constitute cause excusing procedural default. See *Coleman*, 501 U.S. at 755; *see also Martinez*, 132 S. Ct. at 1320; *Vaughter*, 2014 WL 1152540, at *10; *Glenn*, 2012 WL 4107827, at *43. Therefore, as a matter of law, the

allegedly deficient performance of Cangiarella's appointed counsel in appellate PCRA proceedings cannot constitute cause sufficient to excuse the procedural default of his second claim.

Accordingly, it is recommended that the petition be denied with respect to Cangiarella's second and third federal habeas claims on the ground that they are barred by procedural default.

### C. DOUBLE JEOPARDY

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Williams*, 529 U.S. at 411; *see also Eley*, 712 F.3d at 846. Moreover, any factual findings by the state court are presumed to be correct, and the petitioner bears the burden of

rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846. Finally, because the Supreme Court of Pennsylvania summarily dismissed Cangiarella's appeal on his double jeopardy claim, this Court looks to the disposition of his direct appeal by the Superior Court of Pennsylvania as the last reasoned state judgment on this claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Cangiarella's first claim for federal habeas relief alleges that the imposition of two separate, consecutive 7- to 14-year prison sentences arising from a single robbery of a pharmacy at which two store employees were present violated the Double Jeopardy Clause. Cangiarella contends that these two separate counts of robbery should have been merged because they involved the same theft, and thus both counts arise from the same criminal act.

In denying Cangiarella's double jeopardy claim, the state appellate court cited *Commonwealth v. Rozplochi*, 561 A.2d 25 (Pa. Super. Ct. 1989), and *Commonwealth v. Gillard*, 850 A.2d 1273 (Pa. Super. Ct. 2004), two sentencing merger cases in which the Superior Court had previously considered the intent of the state legislature in crafting the robbery statute under which Cangiarella had been charged. In *Rozplochi*, the Superior Court had considered and rejected the same argument advanced by Cangiarella, holding that, under the state robbery statute, "where a defendant threatens to inflict serious bodily injury on two employees in order to effectuate a theft of property from one common employer, the defendant may be convicted of two counts of robbery." *Rozplochi*, 561 A.2d at 30. In *Gillard*, the Superior Court reaffirmed its earlier holding in *Rozplochi*, upholding a defendant's conviction on five counts of robbery stemming an incident in which the defendant had pointed a gun at the bartender and four patrons of the bar in the course of a single theft of $65 from a bar cash register. *Gillard*, 850 A.2d at 1274–76. Notably, the defendant in *Gillard* made no verbal threat to any of the victims,

merely pointing his gun at them, and the only property taken was from the business establishment itself. *Gillard*, 850 A.2d at 1274–76. In this case, Cangiarella "brandished a gun and threatened two employees, demanding prescription drugs and money." (Doc. 18-9, at 2). Applying *Rozplochi* and *Gillard* to these facts, the Superior Court held that Cangiarella committed two separate acts of robbery, rejecting his argument that the two sentences should have merged because they arose from the same criminal act. (Doc. 18-9, at 6).

Cangiarella does not dispute the basic facts of his conviction — that he brandished a firearm at two pharmacy employees in the course of a single theft from their common employer. Rather, he contends that his conviction on two separate counts of robbery, and the imposition of consecutive sentences for those robbery convictions, violates the federal Double Jeopardy Clause because this constitutes double punishment for the same criminal offense. However, there is nothing in the record before this Court to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything in the record to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

The state court's rationale is a reasonable application of *Missouri v. Hunter*, 459 U.S. 359, 365–69 (1983), which provides the controlling standard for evaluating double jeopardy claims involving cumulative sentences imposed in a single trial proceeding.[5] In *Hunter*, the Supreme Court of the United States held that, "[w]ith respect to cumulative sentences imposed in a single

---

[5] *See generally Commonwealth v. Wade*, 33 A.3d 108, 119–20 (Pa. Super. Ct. 2011) (noting that, although sentencing merger is governed by statute rather than the state constitution's double jeopardy clause in non-capital cases under Pennsylvania state law, "federal double jeopardy protection has been extended to multiple punishments for the same offense, *i.e.*, sentencing merger") (citing *Hunter*).

trial, the Double Jeopardy Clause does no more that prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366; *see also Ohio v. Johnson*, 467 U.S. 493, 499 n.8 (1984) ("Even if the crimes are the same under *Blockburger* [*v. United States*, 284 U.S. 299 (1932)], if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end."). The Pennsylvania statute at issue provides that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury . . . ." 18 Pa. C.S.A. § 3701(a)(1)(ii). Pennsylvania courts have examined this Pennsylvania statute and the legislative intent behind it, concluding that "had the legislature intended to preclude multiple punishments, it could have defined robbery as 'threatening *another person or persons* during the course of a theft,'" and thus the state robbery statute authorizes multiple sentences when multiple victims are threatened, even if in the course of the same underlying theft. *Gillard*, 850 A.2d at 1276 (emphasis in original); *see also Rozplochi*, 561 A.2d at 29. This federal habeas court must defer to the state appellate court's determination that the state legislature intended to authorize cumulative punishments in such circumstances. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Johnson*, 467 U.S. at 499 ("We accept, *as we must*, the Ohio Supreme Court's determination that the Ohio legislature did not intend cumulative punishment for the two pairs of crimes involved here.") (emphasis added). Because the record establishes that Cangiarella brandished a firearm at two store employees in the course of a single theft, his conviction on separate counts of robbery and the imposition of consecutive sentences does not violate the federal Double Jeopardy Clause. *See Williams v. McGrady*, No. 09-CV-5040, 2011 WL 62791, at *2 (E.D. Pa. Jan. 4, 2011); *Jarmon v.*

*Klem*, No. 04-5122, 2007 WL 3132808, at *9 (E.D. Pa. Oct. 26, 2007).

Accordingly, it is recommended that the petition be denied on the merits with respect to Cangiarella's double jeopardy claim.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: November 6, 2014                                                      *s/ Karoline Mehalchick*
                                                                                                **KAROLINE MEHALCHICK**
                                                                                                **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ANTHONY CANGIARELLA, | |
| Petitioner, | CIVIL ACTION NO. 3:13-CV-02121 |
| v. | (MUNLEY, J.) |
| | (MEHALCHICK, M.J.) |
| MIKE WENEROWICZ, Warden, | |
| Respondent. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 6, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 6, 2014**                               *s/ Karoline Mehalchick*
                                                                                **KAROLINE MEHALCHICK**
                                                                                **United States Magistrate Judge**