**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS ANTHONY CANGIARELLA, | : | No. 3:13cv2121 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Mehalchick) |
| MIKE WENEROWICZ, Warden, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition is United States Magistrate Judge Karoline Mehalchick's report and recommendation (hereinafter "R&R"). The R&R suggests dismissing the instant habeas corpus petition with prejudice. Petitioner Dennis Anthony Cangiarella (hereinafter "petitioner") filed objections to the R&R bringing the case to its present posture.

**Background[1]**

Petitioner pled guilty to multiple counts of robbery, criminal mischief, theft and false imprisonment before the Court of Common Pleas of Monroe County, Pennsylvania on February 15, 2007. Two robbery charges stemmed from a single pharmacy theft at which two persons were

---

[1]Neither party objects to the factual background or procedural history as set forth in the R&R. Thus, as the parties agree on these matters, we provide no citations to the record for our brief background section.

threatened. The court sentenced petitioner to serve an aggregate term of fourteen (14) to twenty-eight (28) years in prison on May 21, 2007.

The trial court provided the following factual background:

> The charges arose from a series of incidents that occurred on November 6, 2006, when Defendant went on a crime spree that extended across Monroe County, Pennsylvania. Defendant stole a white GMC van from Schullers Automotive in Chestnuthill Township, Monroe County, Pennsylvania. Defendant then drove to the building housing the business of American Sport Shooting, repeatedly rammed the GMC van through the wall of the building, entered the business, and removed several firearms before fleeing the area. Defendant next traveled to a BP Gas Station, a Uni-Mart, and a Just Minute Express in succession, entering each at gunpoint and exiting each with cash. After leaving the Just Minute Express, Defendant proceeded to the Rite Aid Pharmacy in Brodheadsville. There, he brandished a gun and threatened two employees, demanding prescription drugs and money. While attempting to obtain the prescription drugs, Defendant used his gun to threaten two customers who entered at different times. He escorted them both to the rear of the store and held them against their will. When Pennsylvania State Troopers arrived at the Rite-Aid, Defendant escaped from the store and fled in the stolen vehicle. Troopers pursued Defendant in a high-speed chase throughout the Indian Mountain Lakes Development before Defendant came to a dead-end road. Defendant exited the vehicle and began to flee on foot. When the Troopers caught him, he fought them and resisted arrest, but was ultimately taken into custody.

(Doc. 18-15, Trial Court PCRA Opinion at 3-4 (quoting Trial Court's 1925(a) Statement, 1/2/09)).

Upon direct appeal, the Superior Court of Pennsylvania affirmed the petitioner's conviction and sentence on May 20, 2009.  Petitioner sought a writ of allocatur from the Pennsylvania Supreme Court.  Although the writ was initially granted, the Court summarily dismissed the appeal as improvidently granted on December 22, 2011.  Petitioner did not seek a writ of certiorari from the United State Supreme Court.

Subsequently, petitioner filed a *pro se* motion pursuant to the Pennsylvania Post Conviction Relief Act (hereinafter "PCRA").  He filed this motion in the Monroe County Court of Common Pleas.  The court denied the petition on October 10, 2012.  Petitioner appealed to the Pennsylvania Superior Court.  The Superior Court affirmed the Common Pleas Court's decision on July 15, 2013.

Petitioner next filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "section 2254") with this court on August 6, 2013.  The Clerk of Court assigned the case to Magistrate Judge Mehalchick for the issuance of a R&R.  The parties briefed their respective positions and on November 6, 2014, Judge Mehalchick  issued an R&R, which recommends denying the habeas

corpus petition. Petitioner filed objections to the R&R bringing the case to its present posture.

**Jurisdiction**

Section 2254 confers jurisdiction on United States district courts to issue a "writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**Legal standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In the instant case, the R&R discusses a section 2254 petition for a

writ of habeas corpus. Such a petition may only raise issues that have been exhausted in the state court system. 28 U.S.C. § 2254(b). We cannot grant such a petition unless the adjudication of the claim in state court:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This standard "demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster,- - U.S. - - , 131 S.Ct. 1388, 1398 (2011) (internal quotation marks and citation omitted).

**Discussion**

Petitioner raises the following three issues in the instant habeas corpus petition: 1) Whether the state court violated the Double Jeopardy Clause of the United States Constitution when it sentenced him to two consecutive terms of imprisonment for two charges of robbery arising from a single theft of a pharmacy; 2) Whether the Pennsylvania robbery statute,

18 PA. CONS. STAT. ANN. § 3701 is unconstitutionally vague and ambiguous because it allows for multiple sentences arising from a single criminal episode and thus violates substantive due process; and 3) Whether petitioner's counsel provided ineffective assistance by negotiating and allowing him to accept a plea agreement that violated the Double Jeopardy Clause.

The R&R concludes that the first claim lacks merit and the second and third claims are barred by "procedural default".  Petitioner raises several objections to these conclusions and we will address them all in turn.

**1. Procedural default**

To properly bring a claim on a section 2254 petition, a defendant must first "exhaust" his state court remedies.  Woodford v. Ngo, 548 U.S. 81, 92 (2006).  "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process."  Id. (internal quotation marks and citation omitted).

Generally, state-court remedies are "exhausted" when they are no longer available to the petitioner, no matter the reason for their

unavailability. Id. at 92-93. For example, state court remedies may no longer be available because the petitioner properly proceeded through the state court system and the state court has ruled on his issues. They may also be exhausted, however, because the prisoner can no longer raise them in state court due to a failure to meet a deadline or some other procedural bar.

"[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court." Id. at 92. Such claims are considered "procedurally defaulted" and generally they cannot be heard in federal court. Id. A federal court may entertain the merits of a "procedurally defaulted" claim only where the prisoner establishes "cause" for the default and "prejudice" to excuse his default. A federal court may also address the merits of such a claim if failing to do so would result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Petitioner objects that the R&R raises the issue of procedural default *sua sponte*. The petitioner's objection lacks merit. The Third Circuit Court of Appeals has held that courts may raise the issue of procedural default *sua sponte*. Sweger v. Chesney, 294 F.3d 506, 520-21 (3d Cir. 2002). Moreover, in this case, petitioner suffered no prejudice from the court raising the issue *sua sponte*. He had anticipated that procedural default would be an issue and filed an eight-page memorandum on the subject. (Doc. 3, at 17-24). Accordingly, this objection will be overruled.

**2. Exhaustion of state court remedies and the robbery statute/substantive due process claim**

Petitioner's next objection deals with the second habeas corpus claim set forth above, that is, whether the Pennsylvania robbery statute is unconstitutionally vague and a violation of his substantive due process rights.

With regard to this claim, the R&R states:

> [Petitioner] did not raise [this claim] in its present form on direct appeal or in PCRA proceedings. He did, however, advance it as one of several alleged errors in the context of an ineffective assistance of appellate counsel claim. Although not set forth in his original *pro se* PCRA petition or the subsequent amended PCRA petition filed by his court-appointed PCRA counsel, [petitioner] was permitted to present testimony and argument at an evidentiary hearing

8

> with respect to the alleged ineffectiveness of his appellate counsel for failing to challenge the robbery statute and his sentences on the grounds stated in his second federal claim above, and the Court of Common Pleas expressly rejected this ineffectiveness claim in its PCRA opinion on the ground that the underlying claim was mertiless. On appeal to the Superior Court of Pennsylvania, [petitioner] included his ineffectiveness claim based on this second federal claim in his *pro se* appellant's brief, but the Superior Court found the issue to have been waived by its omission from his counseled Rule 1925(b) statement.

(Doc. 28, R&R at 3).

Petitioner raises the claim now as a substantive issue, which was not raised in state court and is thus procedurally defaulted. Without a showing of cause/prejudice or miscarriage of justice, we will not address it. Petitioner has made no such showing. Thus, it is inappropriate to discuss its merits. If, however, we construe the claim broadly as an ineffectiveness of counsel claim, petitioner still has procedural default problems although he did raise the issue in the state trial court.

The R&R concludes that petitioner raised the issue as an ineffectiveness of counsel claim in the PCRA action before the trial court but then waived it in the Superior Court for failing to raise it in his Rule

1925(b) statement of issues complained of on appeal.[2]  The R&R thus treats the ineffectiveness claim as "procedurally defaulted" and as set forth above, we cannot address the merits of such an issue absent "cause" and "prejudice" or to avoid a "fundamental miscarriage of justice."  The R&R suggests that we should not find "cause", "prejudice" or a "miscarriage of justice" and should dismiss this ground for relief as barred by "procedural default".

Petitioner objects to the R&R's conclusions.  He asserts that the matter was raised as in ineffectiveness claim before the Superior Court after the trial court denied it; and therefore, it is not procedurally defaulted.  Determining the exact status of this issue is difficult, due to the opinion issued by the Superior Court of Pennsylvania, which is a bit ambiguous.

It cannot be doubted that the PCRA court ruled upon the ineffectiveness claim on the merits.  (See Doc. 18-15, Trial Court PCRA Opinion at 8-10).  The PCRA court indicates that the petitioner raised this issue as ineffectiveness of counsel claim for counsel failing to object to the robbery statute as void for vagueness and arbitrarily enforceable under the

---

[2] A Rule 1925 statement is filed by appellants in Pennsylvania state appellate court wherein they must list all of the issues complained of on appeal.  If an issue is not listed in the Rule 1925 statement, it is considered waived for purposes of appeal.  PA. R. APP. PRO. 1925(b)(4).

10

14th Amendment. (Id. at 3). To properly exhaust this issue, the next step would be for the petitioner to list it in his "Concise Statement of Matters Complained of Pursuant to Pa. R.A.P. 1925(b)". He did not, however, list this issue on that statement. (Doc. 18-16).

The Superior Court opinion on the PCRA appeal indicates that petitioner reiterated in his 1925(b) statement "his five claims of ineffective assistance of counsel that were addressed and rejected by the PCRA court." (Doc. 18-17, Pennsylvania Superior Court PCRA Appeal Opinion at 3). One of the five claims of ineffectiveness before the PCRA court was the instant issue. A review of the Rule 1925(b) statement, however, indicates that petitioner did not list this issue. Thus, although it does not appear on the Rule 1925(b) statement, the Superior Court makes a general statement that indicates that this issue is in the Rule 1925(b) statement.

It is not exactly clear how, if at all, the Superior Court addressed the merits of this issue. No where does the opinion specifically state: "Petitioner claims that his trial counsel was ineffective for failing to challenge the Pennsylvania robbery statute as a violation of his Due Process rights." The court does note, however, that petitioner did not

11

"adequately develop his claims of counsel's ineffectiveness that he raised in his amended PCRA petition and then cites to a case for the proposition that "a defendant may not argue ineffectiveness in a vacuum". (Id. at 3).

By not addressing the merits of the issue, it appears, that the Superior Court considered the issue waived for not being raised in the Rule 1925(b) statement - or indeed that the Superior Court was not aware of the issue as it was not so raised. The R&R treated Superior Court opinion as deeming the issue waived. We agree with the R&R's analysis of this issue. The only mention of the issue, if it can be called a "mention" is when the Superior Court indicates that all five ineffectiveness claims from the trial court were raised in the Rule 1925(b) statement. This issue while one of the five ineffectiveness issues raised by petitioner in the trial court was not actually listed in the Rule 1925(b) statement.

Accordingly, the Superior Court may have mis-spoke when it said that petitioner raised all five of the ineffectiveness of counsel claims that he raised before the trial court. We conclude that the issue is procedurally defaulted, and the petitioner has not shown cause/prejudice or a miscarriage of justice which would justify us addressing the merits. Thus,

the petitioner's objection will be overruled.[3]

## 2. Double Jeopardy

The next issue raised by the habeas corpus petition is double jeopardy. Petitioner pled guilty to, *inter alia*, **two counts** of Robbery by "threaten[ing] another with or intentionally pu[tting] him in fear of immediate serious bodily injury." 18 PA. CONS. STAT. ANN. § 3701(a)(1)(ii). The trial

---

[3]In addressing whether trial counsel was ineffective for failing to raise the issue, the trial court examined the merits of the underlying issue, that is whether the robbery statute is void for vagueness. We find no constitutional error in the court's analysis. A criminal statute must be "sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." Lanzetta v. State of N.J., 306 U.S. 451, 453 (1939) (internal quotation marks and citation omitted). We find no constitutional error in the state court finding that the Pennsylvania robbery statute is not void for vagueness. The Pennsylvania robbery statute reads as follows:
>  **Robbery**
>  **(a) Offense defined. - -**
>  (1) A person is guilty of robbery if, in the course of committing a theft, he:
>  . . .
>  (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury.

18 PA. CONS. STAT. ANN. § 3701

As the state trial court explained a simple reading of this statute indicates that where one makes a threat of serious bodily injury during the course of a theft, he commits a robbery. Where, as here, the defendant makes threats of serious bodily injury to multiple persons during the course of a theft, he commits multiple robberies. The statute is not void for vagueness.

court sentenced him to two consecutive sentences, one for each count of robbery. Petitioner claims that although he pled guilty to two separate counts of robbery, they were based on one episode of theft. Accordingly, he argues that the state violated the prohibition against double jeopardy by sentencing him to two consecutive terms of imprisonment based upon one episode of theft.

The state court addressed this issue on the merits. It concluded that the petitioner "has received two sentences for *two different offenses* and thus the double jeopardy clause has not been violated. Any other conclusion would be patently absurd." (Doc. 18-15, Trial Court PCRA Opinion at 8).

As noted above, habeas corpus relief can only be granted on a claim that the state court adjudicated on the merits where that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

The R&R reviewed the state court's analysis of this issue and

concluded that nothing "suggest[s] that [the] adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts, nor is there anything in the record to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law." (Doc. 28, R&R at 13). The R&R indicates that "[t]he state court's rationale is a reasonable application of Missouri v. Hunger, 459 U.S 359, 365-69 (1983), which provides the controlling standard for evaluating double jeopardy claims involving cumulative sentences imposed in a single trial proceeding." (Id. (footnote omitted)).

After a careful review, we agree with the R&R, and we find no merit to petitioner's objections. The United States Supreme Court has held that in determining whether the Double Jeopardy Clause prevents multiple punishments for the "same offense" the legislative intent in defining the crime must be examined. Missouri, 459 U.S. at 366. In other words, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id.

With regard to the underlying issue in the instant case, the Pennsylvania Superior Court has held that a defendant commits two

15

robberies when he threatens serious bodily injury on two people during the course of a single theft.  Commonwealth v. Rozplochi, 561 A.2d 25 (Pa. Super. Ct. 1989).  The court discussed legislative intent and the wording of the criminal statute.  "[B]y defining the crime of robbery as threatening another during the course of a theft, the legislature intended to permit separate punishments for threatening more than one person.  If the legislature had intended to preclude multiple punishments, it could have defined robbery as threatening *another person or persons* during the course of a theft."  Id. at 29 (emphasis in the original).  Thus, in accordance with federal law, the Pennsylvania court examined the legislative intent and determined that two punishments were appropriate, where as here, two victims were involved.

Petitioner argues that Rozplochi relies upon a state court opinion dealing with recklessly endangering another person.  Instead of making an independent analysis of the legislative intent with regard to robbery, the court inappropriately adopted the reasoning in the earlier reckless endangerment case and applied it to the robbery statute.

We are unconvinced by the petitioner's argument on this issue, which is basically that the Pennsylvania court did not sufficiently determine the

legislative intent.  Indeed petitioner has pointed to nothing to indicate a different legislative intent.  The Rozplochi court looked at an analogous case, and the wording of the statute to determine the intent of the legislature.  This procedure was appropriate under federal law.  Accordingly, the petitioner is not entitled to any relief based on this ground, and the habeas corpus will be denied.

**Conclusion**

For the reasons set forth above, we find that the petitioner has not established that he is entitled to habeas corpus relief.  Accordingly, we will adopt the R&R and overrule petitioner's objections.  The petition for a writ of habeas corpus will be denied.  An appropriate order follows.


**Date: March 30, 2015**              s/ James M. Munley
                                      **Judge James M. Munley**
                                      **UNITED STATES DISTRICT COURT**